UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| WINSTON GREY BRAKEALL, | 4:17-CV-04101-LLP |
| Plaintiff, | |
| vs. | ORDER |
| JENIFER STANWICK-KLEMIK, ASSOCIATE WARDEN, INDIVIDUALLY AND OFFICIAL CAPACITY; JOSH KLIMEK, WEST CRAWFORD UNIT MANAGER, INDIVIDUALLY AND OFFICIAL CAPACITY; DENNIS KAEMINGK, SECRETARY OF CORRECTIONS, INDIVIDUALLY AND OFFICIAL CAPACITY; ROBERT DOOLEY, DIRECTOR OF PRISON OPERATIONS AND WARDEN, INDIVIDUALLY AND OFFICIAL CAPACITY; KELLY TJEERDSMA, CORPORAL, INDIVIDUALLY AND OFFICIAL CAPACITY; NICOLE ST. PIERRE, CHAPEL ACTIVITIES COORDINATOR, INDIVIDUAL AND OFFICIAL CAPACITY; TAMMY MERTON-JONES, SENIOR CAC, SDSP, IN HER INDIVIDUAL AND OFFICIAL CAPACITY; ANNIE ANTROBUS, CBM FOOD SERVICES MANAGER, INDIVIDUALLY AND OFFICIAL CAPACITY; UNKNOWN CBM FOOD SERVICES STAFF, INDIVIDUALLY AND OFFICIAL CAPACITY; UNKNOWN DEPARTMENT OF CORRECTIONS STAFF MEMBERS, INDIVIDUALLY AND OFFICIAL CAPACITY; SOUTH DAKOTA DEPARTMENT OF CORRECTIONS, JONATHON FLEEK, CHAPEL ACTIVITIES COORDINATOR IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; LT. MADDOX, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; TIFFANY VOIGT, IN HER | |

| INDIVIDUAL AND OFFICIAL CAPACITY; AND BRENT FLUKE, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; | |
|---|---|
| Defendants. | |

Defendants move the court to stay scheduling order (Docket 50) and to stay discovery (Docket 51). Under Rule 26(c), "the court has discretion to stay discovery on other issues until the critical issue has been decided." 8A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2040 (3d ed. 2010). A stay of discovery is within the district court's discretion and is reviewed by the appellate court for an abuse of that discretion. *Steinbuch v. Cutler*, 518 F.3d 580, 588 (8th Cir. 2008) (citing *Lakin v. Prudential Secs., Inc.*, 348 F.3d 704, 713 (8th Cir. 2003)); *see also Maune v. Int'l Bhd. of Elec. Workers, Local No. 1, Health & Welfare Fund*, 83 F.3d 959, 963 (8th Cir. 1996) (upholding the district court's granting of a party's request to stay discovery). "[T]he driving force behind creation of the qualified immunity doctrine was a desire to insure that insubstantial claims against government officials [will] be resolved prior to discovery." *Pearson v. Callahan,* 555 U.S. 223, 231 (2009). Because the qualified immunity issue may be dispositive, the court grants defendants' motion to stay discovery.

Thus, it is ORDERED that

1. Defendants' motion to stay scheduling order (Docket 50) is granted.
2. Defendants' motion to stay discovery (Docket 51) is granted.
3. Defendants' motion for summary judgment based on qualified immunity is due by May 14, 2019.

Dated this 28th day of February, 2019.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK