UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| WINSTON GREY BRAKEALL,<br><br>Plaintiff,<br><br>vs.<br><br>JENIFER STANWICK-KLEMIK, ASSOCIATE WARDEN, INDIVIDUALLY AND OFFICIAL CAPACITY; JOSH KLIMEK, WEST CRAWFORD UNIT MANAGER, INDIVIDUALLY AND OFFICIAL CAPACITY; DENNIS KAEMINGK, SECRETARY OF CORRECTIONS, INDIVIDUALLY AND OFFICIAL CAPACITY; ROBERT DOOLEY, DIRECTOR OF PRISON OPERATIONS AND WARDEN, INDIVIDUALLY AND OFFICIAL CAPACITY; KELLY TJEERDSMA, CORPORAL, INDIVIDUALLY AND OFFICIAL CAPACITY; NICOLE ST. PIERRE, CHAPEL ACTIVITIES COORDINATOR, INDIVIDUAL AND OFFICIAL CAPACITY; TAMMY MERTON-JONES, SENIOR CAC, SDSP, IN HER INDIVIDUAL AND OFFICIAL CAPACITY; ANNIE ANTROBUS, CBM FOOD SERVICES MANAGER, INDIVIDUALLY AND OFFICIAL CAPACITY; UNKNOWN CBM FOOD SERVICES STAFF, INDIVIDUALLY AND OFFICIAL CAPACITY; UNKNOWN DEPARTMENT OF CORRECTIONS STAFF MEMBERS, INDIVIDUALLY AND OFFICIAL CAPACITY; SOUTH DAKOTA DEPARTMENT OF CORRECTIONS, JONATHON FLEEK, CHAPEL ACTIVITIES COORDINATOR IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; LT. MADDOX, IN HIS INDIVIDUAL AND OFFICIAL | 4:17-CV-04101-LLP<br><br>ORDER |

1

| CAPACITY; TIFFANY VOIGT, IN HER INDIVIDUAL AND OFFICIAL CAPACITY; AND BRENT FLUKE, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; | |
|---|---|
| Defendants. | |

## INTRODUCTION

Plaintiff, Winston Grey Brakeall, filed this lawsuit under 42 U.S.C. § 1983 and asserted violations of the Eighth Amendment, the South Dakota Constitution, the Americans with Disabilities Act (Titles I and II), and the Religious Land Use and Institutionalized Persons Act. Dockets 1, 24. The Court will address Brakeall's motion for a temporary restraining order and preliminary injunction. Docket 61.

## I. MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

Brakeall filed a motion for a temporary restraining order and injunctive relief. Docket 61. Brakeall asks the Court to order the defendants to "refrain from inspecting, reading, examining, or seizing the legal work or documents produced by [Brakeall]." Docket 61 at 1. Brakeall further requests that the Court order defendants to not "retaliate against [Brakeall] in any fashion for his access to the courts or for his providing assistance to other inmates." *Id.* at 1-2. Finally, Brakeall requests that the Court review any disciplinary action against Brakeall regarding his legal work or the assistance he provides to other inmates. *Id.* at 2. Defendants resist the motion and allege Brakeall is not in compliance with Fed. R. Civ. P. 7(b)(1)(C) when he failed to "file a motion setting for the specific relief." Docket 64 at 2. Therefore, the defendants allege they did not have a fair opportunity to respond. *Id.*

"A preliminary injunction is an extraordinary remedy." *Roudachevski v. All–American Care Ctrs., Inc.*, 648 F.3d 701, 705 (8th Cir. 2011) (citation omitted); *see also Hughbanks v. Dooley*, 788 F. Supp. 2d 988, 992 (D.S.D. 2011). "The burden of proving that a preliminary injunction should be issued rests entirely with the movant." *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995).

"Whether a preliminary injunction should issue involves consideration of (1) the threat of irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest." *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 113 (8th Cir. 1981) (en banc). The Eighth Circuit held that " 'the failure to show irreparable harm is, by itself, a sufficient ground upon which to deny a preliminary injunction.' " *Adam–Mellang v. Apartment Search, Inc.*, 96 F.3d 297, 299 (8th Cir. 1996) (quoting *Gelco Corp. v. Coniston Partners*, 811 F.2d 414, 418 (8th Cir. 1987)). Moreover, "in the prison context, a request for injunctive relief must always be viewed with great caution because 'judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration.' " *Goff*, 60 F.3d at 520 (quoting *Rogers v. Scurr*, 676 F.2d 1211, 1214 (8th Cir. 1982)). And for an injunction to issue "a right must be violated" and "the court must determine" whether "a cognizable danger of future violation exists and that danger must be more than a mere possibility." *Goff*, 60 F.3d at 520 (quoting *Rogers v. Scurr*, 676 F.2d 1211, 1214 (8th Cir. 1982)).

There must be a relationship between the claims in the underlying complaint and the preliminary injunction. It is inappropriate to grant a preliminary injunction for matters "lying wholly outside the issues in the suit." *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945). A plaintiff may not obtain a preliminary injunction "based on new assertions of

mistreatment that are entirely different from the claim[s] raised and the relief requested" in his underlying complaint. *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994); *see also Omega World Travel v. Trans World Airlines*, 111 F.3d 14, 16 (1997) ("[A] preliminary injunction may never issue to prevent injury or harm which not even the moving party contends was caused by the wrong claimed in the underlying action."); *Kaimowitz v. Orlando*, 122 F.3d 41, 43 (11th Cir. 1997) ("A district court should not issue an injunction when the injunction in question is not of the same character, and deals with a matter lying wholly outside the issues in the suit.").

Brakeall argues that he faces a threat of irreparable harm from prison discipline and sanctions. Docket 61 at 2. Brakeall alleges that defendants have repeatedly disciplined him for his attempts to assist other inmates with legal matters or to receive assistance from other inmates. *Id.* at 2. Brakeall argues that this threatens his status in prison, the possibility of parole, and his ability to effectively litigate. *Id.*

Brakeall alleges that defendants enforce a policy from a November 28, 2018 memo that inmates can help each other with legal work but cannot be in possession of another inmate's legal materials. Docket 61 at 3. Brakeall was written up and found guilty of violating rule V-15, the offense of "[h]aving in your possession, living quarters, storage area or work site any article or clothing not issued to you, not purchased through commissary, or for which you do not have special authorization . . . ." Docket 61-1 at 3. Brakeall claims he was typing an affidavit for a prisoner who was unable to walk to the law library because of an injury. *Id.* at 1. Brakeall also had a letter for another inmate because they were working together to send a letter to the state legislature. *Id.*

Brakeall and the other inmates may state a claim from being denied access to the courts. The United States Supreme Court has held that prison authorities cannot prohibit prisoners from

helping each other with legal matters unless they provide reasonable alternative forms of assistance. *Johnson v. Avery*, 393 U.S. 483, 490 (1969). And in *Bear v. Kautzky*, the Eighth Circuit held that evidence of inadequacy of the contract lawyer program supported an injunction allowing assistance by jailhouse lawyers. 305 F.3d 802, 805 (8th Cir. 2002). The preparation of legal documents is essential to accessing the court from prison. But in this case, Brakeall's underlying claims involve violations of the Eighth Amendment, the South Dakota Constitution, the Americans with Disabilities Act (Titles I and II), and the Religious Land Use and Institutionalized Persons Act. The variety of claims within Brakeall's initial and amended complaints are outside of the issues presented in this motion for temporary restraining order and preliminary injunction.

The Eighth Circuit has considered the relationship requirement in prisoner lawsuits. In *Devose*, an inmate in state custody filed a complaint alleging that he was being denied adequate medical treatment. 42 F.3d at 471. While that case was pending, Devose sought an injunction to stop prison officials from taking actions that constituted retaliation for his filing of the lawsuit. *Id.* In affirming the district court's denial of the requested injunction, the Eighth Circuit stated:

> Faced with a motion that raised issues entirely different from those presented in Devose's complaint, the district court concluded that Devose had failed to allege circumstances that entitled him to a preliminary injunction, and denied his motion without a hearing. Devose appeals and we affirm.
>
> A court issues a preliminary injunction in a lawsuit to preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits. . . . Thus, a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint . . . . It is self-evident that Devose's motion for temporary relief has nothing to do with preserving the district court's decision-making power over the merits of Devose's 42 U.S.C. § 1983 lawsuit. To the contrary, Devose's motion is based on new assertions of mistreatment that are entirely different from the claim raised and the relief requested in his inadequate medical treatment lawsuit. Although these new assertions might support additional claims against the same prison officials, they cannot provide the basis for a preliminary injunction in this lawsuit.

5

*Id.* (internal citations omitted). Brakeall's motion for a temporary restraining order and injunctive relief is supported by new assertions that are entirely different from those asserted in his underlying complaint. Therefore, Brakeall's motion for injunctive relief and a temporary restraining order (Docket 61) is denied.

IT IS ORDERED:

1. Brakeall's motion for a temporary restraining order and injunctive relief is denied.

DATED August 6th, 2019.

BY THE COURT:

*/s/ Lawrence L. Piersol*
Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK

*/s/ Matthew Thelen*