UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| WINSTON GREY BRAKEALL,<br><br>Plaintiff,<br><br>vs.<br><br>JENIFER STANWICK-KLEMIK, ASSOCIATE WARDEN, INDIVIDUALLY AND OFFICIAL CAPACITY; JOSH KLIMEK, WEST CRAWFORD UNIT MANAGER, INDIVIDUALLY AND OFFICIAL CAPACITY; DENNIS KAEMINGK, SECRETARY OF CORRECTIONS, INDIVIDUALLY AND OFFICIAL CAPACITY; ROBERT DOOLEY, DIRECTOR OF PRISON OPERATIONS AND WARDEN, INDIVIDUALLY AND OFFICIAL CAPACITY; KELLY TJEERDSMA, CORPORAL, INDIVIDUALLY AND OFFICIAL CAPACITY; NICOLE ST. PIERRE, CHAPEL ACTIVITIES COORDINATOR, INDIVIDUAL AND OFFICIAL CAPACITY; TAMMY MERTON-JONES, SENIOR CAC, SDSP, IN HER INDIVIDUAL AND OFFICIAL CAPACITY; ANNIE ANTROBUS, CBM FOOD SERVICES MANAGER, INDIVIDUALLY AND OFFICIAL CAPACITY; UNKNOWN CBM FOOD SERVICES STAFF, INDIVIDUALLY AND OFFICIAL CAPACITY; UNKNOWN DEPARTMENT OF CORRECTIONS STAFF MEMBERS, INDIVIDUALLY AND OFFICIAL CAPACITY; SOUTH DAKOTA DEPARTMENT OF CORRECTIONS, JONATHON FLEEK, CHAPEL ACTIVITIES COORDINATOR IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; LT. MADDOX, IN HIS INDIVIDUAL AND OFFICIAL | 4:17-CV-04101-LLP<br><br>ORDER |

| CAPACITY; TIFFANY VOIGT, IN HER INDIVIDUAL AND OFFICIAL CAPACITY; AND BRENT FLUKE, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; | |
|---|---|
| Defendants. | |

## INTRODUCTION

Plaintiff, Winston Grey Brakeall, filed this lawsuit under 42 U.S.C. § 1983 and asserted violations of the Eighth Amendment, the South Dakota Constitution, the Americans with Disabilities Act (Titles I and II), and the Religious Land Use and Institutionalized Persons Act. Dockets 1, 24. Before this Court are Brakeall's motion for injunctive relief (Docket 75) and motions to appoint counsel (Dockets 41 and 74).

## MOTION FOR INJUNCTIVE RELIEF

Brakeall's motion for injunctive relief (Docket 75) is denied because the relief requested in the motion bears no relationship to his underlying complaint. "A preliminary injunction is an extraordinary remedy." *Roudachevski v. All–American Care Ctrs., Inc.*, 648 F.3d 701, 705 (8th Cir. 2011) (citation omitted); *see also Hughbanks v. Dooley*, 788 F. Supp. 2d 988, 992 (D.S.D. 2011). "The burden of proving that a preliminary injunction should be issued rests entirely with the movant." *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995).

"Whether a preliminary injunction should issue involves consideration of (1) the threat of irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest." *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 113 (8th Cir. 1981) (en banc). The Eighth Circuit held that " 'the failure to show irreparable harm is, by itself, a sufficient ground upon which to deny a preliminary injunction.' "

2

*Adam–Mellang v. Apartment Search, Inc.*, 96 F.3d 297, 299 (8th Cir. 1996) (quoting *Gelco Corp. v. Coniston Partners*, 811 F.2d 414, 418 (8th Cir. 1987)). Moreover, "in the prison context, a request for injunctive relief must always be viewed with great caution because 'judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration.' " *Goff*, 60 F.3d at 520 (quoting *Rogers v. Scurr*, 676 F.2d 1211, 1214 (8th Cir. 1982)). And for an injunction to issue "a right must be violated" and "the court must determine" whether "a cognizable danger of future violation exists and that danger must be more than a mere possibility." *Goff*, 60 F.3d at 520 (quoting *Rogers v. Scurr*, 676 F.2d 1211, 1214 (8th Cir. 1982)).

There must be a relationship between the claims in the underlying complaint and the claims in the motion for injunctive relief. It is inappropriate to grant a preliminary injunction for matters "lying wholly outside the issues in the suit." *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945). A plaintiff may not obtain a preliminary injunction "based on new assertions of mistreatment that are entirely different from the claim[s] raised and the relief requested" in his underlying complaint. *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994); *see also Omega World Travel v. Trans World Airlines*, 111 F.3d 14, 16 (1997) ("[A] preliminary injunction may never issue to prevent injury or harm which not even the moving party contends was caused by the wrong claimed in the underlying action.").

Here, in Brakeall's motion for injunctive relief (Docket 75), he asks that the defendants "refrain from inspecting, reading, examining, or seizing the legal work or documents produced by the plaintiff." Docket 75 at 1. Brakeall asks for injunctive relief that the defendants not retaliate against him or discipline him for aiding other inmates. Docket 75 at 2.

But in this case, Brakeall's underlying claims involve violations of the Eighth Amendment, the South Dakota Constitution, the Americans with Disabilities Act (Titles I and II). The variety of claims within Brakeall's initial and amended complaints are outside of the issues presented in his motion for injunctive relief.

The Eighth Circuit has considered the relationship requirement in prisoner lawsuits. In *Devose*, an inmate in state custody filed a complaint alleging that he was being denied adequate medical treatment. 42 F.3d at 471. While that case was pending, Devose sought an injunction to stop prison officials from taking actions that constituted retaliation for his filing of the lawsuit. *Id.* In affirming the district court's denial of the requested injunction, the Eighth Circuit stated:

> Faced with a motion that raised issues entirely different from those presented in Devose's complaint, the district court concluded that Devose had failed to allege circumstances that entitled him to a preliminary injunction, and denied his motion without a hearing. Devose appeals and we affirm.
>
> A court issues a preliminary injunction in a lawsuit to preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits. . . . Thus, a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint . . . . It is self-evident that Devose's motion for temporary relief has nothing to do with preserving the district court's decision-making power over the merits of Devose's 42 U.S.C. § 1983 lawsuit. To the contrary, Devose's motion is based on new assertions of mistreatment that are entirely different from the claim raised and the relief requested in his inadequate medical treatment lawsuit. Although these new assertions might support additional claims against the same prison officials, they cannot provide the basis for a preliminary injunction in this lawsuit.

*Id.* (internal citations omitted). Brakeall's motion for injunctive relief is supported by new assertions that are entirely different from those asserted in his underlying complaint. Therefore, Brakeall's motion for injunctive relief (Docket 75) is denied.

## MOTIONS TO APPOINT COUNSEL

Brakeall filed motions for appointment of counsel. Dockets 41 and 74. Brakeall claims he has discussed representation with Alex Hagen, who was previously appointed to represent Brakeall

4

the case 18-4056. Docket 74 at 1. However, "Hagen nor his firm were able to represent the plaintiff in this [present] matter." *Id.*

## LEGAL BACKGROUND

"A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). Under 28 U.S.C. § 1915(e)(1) "[t]he court may request an attorney to represent any person unable to afford counsel. 28 U.S.C. § 1915(e)(1). District courts may appoint counsel and the Eighth Circuit has acknowledged the "express authority of the district court to make such appointments." *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984); *White v. Walsh*, 649 F.2d 560, 563 (8th Cir. 1981). "The appointment of counsel should be given serious consideration by the district court if the plaintiff has not alleged a frivolous or malicious claim." *Nelson*, 728 F.2d at 1003.

When determining whether to appoint counsel to a pro se litigant, the court will look at the factual and legal complexity of the claims. In *King v. Patterson*, the Eighth Circuit held that the district court did not err in denying a prisoner's motion for appointment of counsel. 999 F.2d 351, 353 (8th Cir. 1993). In *King*, the plaintiff alleged one incident of excessive force by prisoner personal. *Id.* The Eighth Circuit reasoned that the denial of the plaintiff's motion for appointment of counsel was appropriate "[b]ecause this case was neither factually nor legally, complex, the complaint alleged a single incident of excessive force, and the Court held that King had clearly communicated his concerns and could adequately present the facts of his case to the Court." *Id.*

Factual complexity is not the only factor that a district court considers whether appointment of counsel is appropriate. *Johnson v. Williams*, 788 F.2d 1319, 1322 (8th Cir. 1986) (citing *Maclin v. Freake*, 650 F.2d 885, 888 (7th Cir. 1981)). The Eighth Circuit considers "the factual complexity of the case, the ability of the indigent to investigate the facts, the existence of

5

conflicting testimony, the ability of the indigent to present his claim and the complexity of the legal issues." *Abdullah v. Gunter*, 949 F.2d 1032, 1035 (8th Cir. 1991) (citing *Johnson*, 788 F.2d at 1322-23.). In *Johnson*, the Eighth Circuit held that the district court erred when they denied plaintiff's motion for counsel solely based on the plaintiff's failure to raise factually complex issues. *Johnson*, 788 F.2d at 1322.

## ANALYSIS

In Brakeall's first complaint he alleged several claims which involved the restrooms, food service, laundry, library, religious holidays, Americans with Disabilities Act compliance, and prison policies. Docket 12 at 20. These claims failed on their face because Brakeall did not state that he exhausted all available administrative remedies; therefore, these claims were dismissed without prejudice. *Id.* In his amended complaint Brakeall contends that he has exhausted all available administrative remedies. Docket 24 at 3. Brakeall claims he is indigent and cannot retain counsel to represent him. Docket 41 at 1. Furthermore, Brakeall alleges that:

> [t]his litigation involves complex questions of constitutional violations, prison conditions, and medical information which are beyond plaintiff's ability to litigate competently. . . . Due to many factors involving security, inmate privacy, and prison contractors, plaintiff will be unable to interview witnesses, depose defendants, or receive information regarding prison infrastructure; counsel would not be subject to these limitations.

*Id.*

Even after these claims have been revived by the amended complaint, it is apparent from Brakeall's initial and amended complaint that the issues are not legally complex nor are the facts complex, but there are a lot of facts to be presented to support the claim. Brakeall has proven to be a capable and sophisticated pro se litigant and like the Eighth Circuit's decision in *King* —Brakeall is able to clearly communicate his concerns and has adequately presented them to this Court. Because Brakeall's claims are not legally nor factually complex and because he can clearly and adequately present his facts and claims to this Court his motions to appoint counsel (Dockets 41

and 75) are denied at this time. The Court remains open to the possibility of appointing counsel if this case proceeds beyond the motion stage. It is one thing to well represent one's position on paper to the court, and it is yet another to be able to adequately try a case to a jury.

Accordingly,

IT IS ORDERED:

1. Brakeall's motion for injunctive relief (Docket 75) is denied.
2. Brakeall's motions to appoint counsel (Dockets 41 and 74) are denied.

DATED August 13, 2019.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK