UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| WINSTON GREY BRAKEALL,<br><br>Plaintiff,<br><br>vs.<br><br>JENIFER STANWICK-KLEMIK, ASSOCIATE WARDEN, INDIVIDUALLY AND OFFICIAL CAPACITY; JOSH KLIMEK, WEST CRAWFORD UNIT MANAGER, INDIVIDUALLY AND OFFICIAL CAPACITY; DENNIS KAEMINGK, SECRETARY OF CORRECTIONS, INDIVIDUALLY AND OFFICIAL CAPACITY; ROBERT DOOLEY, DIRECTOR OF PRISON OPERATIONS AND WARDEN, INDIVIDUALLY AND OFFICIAL CAPACITY; KELLY TJEERDSMA, CORPORAL, INDIVIDUALLY AND OFFICIAL CAPACITY; ANNIE ANTROBUS, CBM FOOD SERVICES MANAGER, INDIVIDUALLY AND OFFICIAL CAPACITY; AND BRENT FLUKE, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY;<br><br>Defendants. | 4:17-CV-04101-LLP<br><br>ORDER GRANTING ANNIE ANTROBUS'S MOTION TO SET ASIDE ENTRY OF DEFAULT AND GRANTING HER MOTION TO DISMISS |

Plaintiff, Winston Grey Brakeall, served defendant Annie Antrobus and she failed to timely answer. Doc. 47. Brakeall moved for entry of default and the Clerk of Courts entered default against Antrobus. Docs. 56, 58. Brakeall moved for default judgment against Antrobus. Doc. 69. The Clerk of Court denied Brakeall's motion for default judgment. Doc. 73. Now, Antrobus moves to set aside default and moves to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Docs. 71 and 72. Brakeall opposes these motions. Docs. 83, 90, 91.

I.  **Motion to Set Aside Entry of Default by Annie Antrobus**

Rule 55 of the Federal Rules of Civil Procedure provides that "[t]he court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). "When examining whether good cause exists, the district court should weigh 'whether the conduct of the defaulting party was blameworthy or culpable, whether the defaulting party has a meritorious defense, and whether the other party would be prejudiced if the default were excused.' " *Stephenson v. El-Batrawi*, 524 F.3d, 907, 912 (8th Cir. 2008) (quoting *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 784 (8th Cir. 1998). The Eighth Circuit has recognized that there is a "a judicial preference for adjudication on the merits." *Johnson*, 140 F.3d at 784.

The first factor examines whether the defaulting party's conduct was blameworthy. *Stephenson*, 524 F.3d at 912. The cases distinguish between intentional delay and disregard for deadlines and procedural rules and "marginal failure" to meet pleading or other deadlines. *Id.* A single, minor mistake or negligent act does not prevent vacating entry of default. *See Union Pacific R.R. Co. v. Progress Rail Services Corp*, 256 F.3d 781, 782 (8th Cir. 2001) (reversing district court's denial of motion to vacate default where company failed to answer because of a recoding error by its legal department).

Brakeall alleges that Antrobus is "very familiar with the process of responding to legal action" because she was a long-time employee of CBM. Doc. 83 at 1. He claims she does not have meritorious defenses to pursue and that Antrobus has the resources to adequately respond within the time frame. *Id.* at 2. Antrobus asserts her conduct was no more than a marginal failure because she had contacted her former manager at CBM and gave a copy of the complaint to the current Director of Food Services at MDSP. *Id.* at 4-5. Antrobus believed that CBM would then respond and that she did not need to do so. Id. at 5. It seems that Antrobus's failure to respond was not

intentional and she took actions that she thought would resolve the issue—telling her old manager and giving the complaint to the person in current position. There is no evidence that Antrobus intentionally avoided or ignored the summons and complaint.

The second factor to examine is whether the defaulting party has a meritorious defense. "Whether a meritorious defense exists is determined by examining whether the proffered evidence would permit a finding for the defaulting party." *Stephanson*, 524 F.3d at 914. The underlying concern is . . . whether there is some possibility that the outcome . . . after a full trial will be contrary to the result achieved by the default." *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 848 F.2d 808, 812 (4th Cir. 1988) (quoting 10 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice and Procedure* § 2697 (2d ed. 1983)). Antrobus asserts that she has a meritorious defense and argues that Brakeall's complaint against her fails under Federal Rule of Civil Procedure 12(b)(6). *See* Doc. 71.

Antrobus claims that she has meritorious defenses to Brakeall's claims because she was not acting "under color of state law" necessary to pursue a § 1983 action and that he has failed to state a claim upon which relief can be granted. Doc. 71 at 6-7. After review, it appears that Antrobus will have an arguably meritorious defense. Accordingly, this factor weighs in favor of vacating the entry of default against Antrobus.

The final factor to be considered is the prejudice to Brakeall, if any, created by vacating the default in this matter. Antrobus asserts that there is no prejudice to Brakeall because there has not been discovery in this case. Doc. 71 at 7. This notion is still true. "Prejudice may not be found from delay alone or from the fact that the defaulting party will be permitted to defend on its merits." *Johnson*, 140 F. 3d at 785. Conversely, this factor requires a more concrete finding of prejudice, "such as 'loss of evidence, increased difficulties in recovery, or greater opportunities for fraud and

3

collusion." " *Id.* (quoting *Berthelsen v. Kane*, 907 F.2d 617, 621 (6th Cir. 1990)). In the present case, there is no showing that Brakeall will lose evidence or that there are increased difficulties in recovery, thus, this factor weighs in favor of Antrobus. Accordingly, Antrobus has shown good cause and her motion to vacate the entry of default, Doc. 71, is granted.

**II.     Motion to Dismiss for Failure to State a Claim by Annie Antrobus**

Antrobus moves to dismiss for failure to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6). Doc. 72 at 2. Antrobus claims that 1) she was not a state actor and not subject to liability under § 1983, 2) Brakeall's Eighth Amendment statements are conclusory and do not amount to a violation, and 3) even if Antrobus is considered a state actor, she cannot be held liable in her official capacity.

### FACTUAL BACKGROUND

The Court will use the same factual background it has stated in its most recent screening order of Brakeall's Amended Complaint and will only insert the portion regarding defendant Antrobus.

Brakeall was prescribed a B-12 vitamin to treat his diet deficiencies and chronic medical issues, including neuropathy. Docket 17-1 ¶ 80. Dr. Melvin Wallinga, PA Brad Adams, and several nurses allegedly told Brakeall that the food service at MDSP is the main reason he cannot lose weight and is unhealthy. *Id.* ¶ 81. Medical staff also allegedly informed Brakeall and other inmates that the medical staff informed DOH employees at the annual health conferences that diet is responsible for many inmate health concerns. *Id.*

Annie Antrobus was the CBM food Services Manager at MDSP. Docket 17 at 4. Brakeall claims that the only leafy vegetable provided is iceberg lettuce with salad dressing. *Id.* ¶ 83. Some diet lines receive fresh fruit with every meal. *Id.* ¶ 35. The CMB Food Services dietitian

allegedly approved a starch-based diet, including mac and cheese, goulash, spaghetti, meat-a-roni, chili mac, stroganoff, jambalaya, and Spanish rice. *Id.* ¶ 84. Brakeall claims that the serving size depends on an inmate's position in line and that the last inmates serve get smaller portions of overcooked food. *Id.* Brakeall asserts that if an entree runs out, CBM replaces it with a peanut butter sandwich. *Id.* ¶ 36. If a side dish ran out, Brakeall claims that CBM does not replace it. *Id.*

An independent report found that CBM Food Services serves inmates a diet with roughly three times the maximum daily sodium allowance. Docket 20-1 ¶ 70. It also found that processed meats were served at almost every meal and the food was not properly prepared or stored. *Id.* Brakeall claims that CBM allows inmates with Hepatitis C to work in contact with food for the general population. *Id.* ¶ 71. SCO Mike Miller allegedly told Brakell he saw packages labeled "not for human consumption" while supervising food deliveries on the loading dock. *Id.* ¶ 86. Brakeall alleges that inmates working in the kitchen told him "that the cereal CBM Food Services has been serving are General Mills Products which have been condemned as unfit for human consumption and sold to a local Hutterite Colony as animal feed." *Id.* ¶ 37. These inmates were allegedly "ordered by CBM Food Services employees to strip the outer packaging and leave the cereal in the unmarked interior plastic packaging." *Id.* CBM Food Services provides the commissary for the DOC for profit. *Id.* ¶ 87. Brakeall alleges that the dining hall is roughly 150 yards from where the food is prepared. Docket 17-1 ¶ 60. Brakeall claims food is often carted between facilities uncovered and is often time spilled on the sidewalk. *Id.*

## LEGAL STANDARD

The defendants' motion to dismiss is based on FED. R. CIV. P. 12(b)(6), which allows dismissal if the plaintiff has failed to state a claim upon which relief can be granted. Plaintiffs

5

must plead "enough facts to state a claim to relief that is *plausible* on its face." *Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (emphasis added).

Under Federal Rule of Civil Procedure 8(a)(2), a plaintiff must plead only "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* at 554-55 (quoting Fed. R. Civ. P. 8(a)(2)). A complaint does not need "detailed factual allegations" to survive a motion to dismiss, but a plaintiff must provide the grounds for his entitlement to relief and cannot merely recite the elements of his cause of action. *Id.* at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). There is also a "plausibility standard" which "requires a complaint with enough factual matter (taken as true)" to support the conclusion that the plaintiff has a valid claim. *Id.* at 556. The plaintiff's complaint must contain sufficiently specific factual allegations in order to cross the line between "possibility" and "plausibility" of entitlement to relief. *Id.*

There are two "working principles" that apply to Rule 12(b)(6) motions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). First, courts are not required to accept as true legal conclusions "couched as factual allegation[s]" contained in a complaint. *Id.* (citing *Papasan*, 478 U.S. at 286). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (quoting *Twombly*, 550 U.S. at 555). Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678-79.

Second, the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Where the plaintiff's allegations are merely conclusory, the court may not infer more than the mere possibility of misconduct, and the complaint has *alleged*--but has not "show[n]"--that he is entitled to relief as required by Rule 8(a)(2). *Iqbal*, 556 U.S. at 679 (emphasis added).

The Court explained that a reviewing court should begin by identifying statements in the complaint that are conclusory and therefore not entitled to the presumption of truth. *Id.* at 679-680. Legal conclusions must be supported by factual allegations demonstrating the grounds for a plaintiff's entitlement to relief. *Id.* at 679; *Twombly*, 550 U.S. at 555; FED. R. CIV. P. 8(a)(2). A court should assume the truth only of "well-pleaded factual allegations," and then may proceed to determine whether the allegations "plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. These are the principles guiding the court's evaluation of Antrobus's motion.

## LEGAL ANALYSIS

Brakeall opposes Antrobus's motion. Doc. 90. Antrobus asserts that she cannot be considered a state actor for purposes of § 1983. Doc. 72. Brakeall claims that Antrobus is considered acting under the color of state law, and this Court agrees. This Court has ruled that CBM defendants and its employees are considered to be state actors. *See Shaw v. Kaemingk*, 2019 U.S. Dist. LEXIS 51659, at *12-12 (D.S.D. Mar. 27, 2019). District courts in the Eighth Circuit have consistently "found that contracted food service providers at correctional facilities are government actors for purposes of § 1983 liability because the food service provider has assumed the state's constitutional obligation to provide a nutritionally adequate diet to inmates." *Jenkins v. Stutsman Cty. Corr. Ctr. Comm'r Chairman*, 2015 WL 1458158, at *6 (D.N.D. Mar. 30, 2015) (holding that an employee of a private company that contractually agreed to provide food services to a county jail was acting under color of state law).

Next, Antrobus argues that Brakeall states conclusory allegations regarding his claims of Eighth Amendment violations against Antrobus. To sufficiently allege that the conditions of confinement violate the Eighth Amendment, Brakeall must claim that that the alleged deprivation resulted "in the denial of the minimal civilized measure of life's necessities" and that prison

7

officials were deliberately indifferent to "an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal quotation omitted); *see also Dalrymple v. Dooley*, 2014 WL 4987596, at *5 (D.S.D. Oct. 6, 2014); *Schmidt v. Lentsch*, 2015 WL 2092575, at *2 (D.S.D. May 5, 2015). First, under the objective component, "[w]hether conditions at a specific prison are unconstitutional necessitates a factual inquiry about the specific conditions at that facility." *Patchette v. Nix*, 952 F.2d 158, 163 (8th Cir. 1991). An inmate must show that a condition of confinement "pose[s] an unreasonable risk of serious damage to his future health" or safety. *Helling v. McKinney*, 509 U.S. 25, 35 (1993). While the inmate must show that the confinement poses an "unreasonable risk of serious damage to his future health" or safety, the inmate does not "need not await a tragic event" before seeking relief. *Helling*, 509 at 33-35. The Supreme Court has listed "food, clothing, shelter, medical care and reasonable safety" as minimal civilized measures. *DeShaney v. Winnebago Cty. Dep't of Soc. Servs.*, 489 U.S. 189, 200 (1989).

Second, under the subjective component, the inmate must show that the defendant prison officials "acted with a sufficiently culpable state of mind" in relation to the prison condition. *Hudson v. McMillian*, 503 U.S. 1, 20 (1992). A " 'should-have-known' standard, is not sufficient to support a finding of deliberate indifference." *Spruce v. Sargent*, 149 F.3d 783, 786 (8th Cir. 1998) (citing *Farmer*, 511 U.S. at 837). A prisoner need not show that the prison official acted with "the very purpose of causing harm or with knowledge that harm [would] result." *Farmer*, 511 U.S. at 835. A prisoner need only show that the prison official knew of and disregarded "an excessive risk to inmate health or safety." *Id.* at 837. The second element for Eighth Amendment liability requires "prison official[s] [to] have a 'sufficiently culpable state of mind.'" *Farmer*, 511 U.S. at 834, 114 S. Ct. at 1977 (quoting *Wilson*, 501 U.S. at 297, 111 S. Ct. at 2323). "In prison conditions cases that state of mind is one of 'deliberate indifference' to inmate health or safety."

*Id.* (quoting *Wilson*, 501 U.S. at 302-303, 111 S. Ct. at 2326). Deliberate indifference is itself a two-prong inquiry. An official must both be "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists" and "he must also draw the inference." *Id.* at 837, 114 S. Ct. at 1979. "Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." *Id.* at 842, 114 S. Ct. at 1981 (internal citations and quotation marks omitted).

In *Wishon v. Gammon*, the Eighth Circuit held that prisoners have a right to adequate nutrition and the failure to provide adequate nutrition may qualify as a deliberate indifference that violates the Eighth Amendment. 978 F.2d 446, 449 (8th Cir. 1992). *Id.* Prisoners must show "the food he was served was nutritionally inadequate or prepared in a manner presenting an immediate danger to his health, or that his health suffered as a result of the food." *Id.* In *Ingrassia v. Schafer*, the Eighth Circuit held that it is "clearly established that a prisoner may properly allege a constitutional violation by demonstrating significant weight loss or other adverse physical effects from lack of nutrition." 825 F.3d 891, 899 (8th Cir. 2016); *see Davis v. Missouri*, 389 F. Appx. 579, 579 (8th Cir. 2010) (citing cases for proposition that "inmate claiming inadequate diet under Eighth Amendment must allege he lost weight or suffered adverse physical effects, or was denied nutritionally or calorically adequate diet").

Brakeall brings up the independent dietician's report of the food served at MDSP in his amended complaint. See Doc. 20-1 ¶ 70. This same report was submitted to the Court by Brakeall to oppose the other defendants' motion for summary judgment. *See* Doc. 141-5 at 126. Public records that are outside of the complaint may be considered by the court when they are embraced

9

by the pleadings. *See State ex rel Nixon, v. Coeur D'Alene Tribe*, 164 F.3d 1102, 1107 (8th Cir. 1999) (considering public records not contrary to complaint); *Surgical Synergies v. Genesee Assocs., Inc.*, 432 F.3d 870, 873 n.3 (8th Cir. 2005) (considering material that is necessarily embraced by the pleadings). This Court will consider the report submitted by Brakeall because he mentioned it in his amended complaint and later submitted the full report in his opposition to summary judgment. The report shows that although the sodium level is high, the caloric value of the menu and meals is sufficient. Doc. 141-5 at 126. Further, Brakeall has not alleged facts to show that Antrobus was responsible or had anything to do with the diet. He merely puts forth her job title. He has failed to allege facts to show that the food provided arises to the level of an Eighth Amendment violation and has failed to allege specific facts that show that Antrobus was directly involved or responsible for the food decisions. Thus, Antrobus's motion to dismiss, Doc. 72, is granted.

IT IS ORDERED:

1. That Antrobus's motion to set aside entry of default, Doc. 71, is granted.

2. That Antrobus's motion to dismiss, Doc. 72, is granted.

3. That judgment is entered in favor of Antrobus and against Brakeall.

4. Because judgment is entered in favor of all defendants in this lawsuit, Brakeall's pending motion, Doc. 129, is denied as moot.

Dated this 11th day of March, 2020.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK

10